United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Carole S. Rafie, Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-23972-Civ-Scola |
| ) | **In Admiralty** |
| NCL (Bahamas) Ltd., a Bermuda ) | |
| company d/b/a Norwegian Cruise ) | |
| Lines, Inc., Defendant. ) | |

**Order Granting Motion to Dismiss**

This matter is before the Court on the Defendant NCL (Bahamas) Ltd.'s ("NCL") motion to dismiss the Plaintiff Carole S. Rafie's complaint. (Mot., ECF No. 8.) Rafie has failed to timely respond to NCL's motion to dismiss, and the time to do so has passed. After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **grants** NCL's motion. (**Mot., ECF No. 8**.)[1]

**1. Background**[2]

In October 2022, Rafie was a passenger onboard NCL's vessel, the *Spirit*, as it was cruising around the South Pacific. (Compl. ¶¶ 17, 20, ECF No. 1.) On October 25, 2022, upon exiting the *Spirit's* Stardust Theater and descending the stairs outside, Rafie "fell down the stairs[,] resulting in a fractured clavicle." (*Id.* ¶¶ 22–23.) Though not totally clear, Rafie seems to attribute her fall to the fact that the *Spirit* was "navigat[ing] through an area of rough seas" on that day. (*Id.* ¶ 22.) Thus, per Rafie, NCL breached its duty of care to her by, among other reasons, "[c]reating a dangerous condition by navigating . . . through an area of rough seas and/or adverse weather[,]" and "failing to adequately warn [Rafie] of the dangerous conditions as a result of the rough seas and/or adverse weather[.]" (*Id.* ¶ 28.) Rafie claims that, because of NCL's negligence, she "was severely and permanently injured on" that day. (*Id.* ¶ 41.)

---

[1] Rafie unsuccessfully attempts to proceed pursuant to the Court's diversity jurisdiction. For example, though Rafie alleges that NCL is a foreign corporation (Compl. ¶ 6, ECF No. 1), she fails to identify where NCL is chartered. *See Crist v. Carnival Corp.*, 410 F. App'x 197, 200 (11th Cir. 2010) ("[A] foreign corporation with its alleged principal place of business in Florida, is a citizen for diversity jurisdiction purposes of the country where it is chartered and of the state where it has its principal place of business."). Accordingly, the Court proceeds only under its admiralty jurisdiction. *See* Fed. R. Civ. P. 9(h)(1).

[2] Unless otherwise indicated, this background is based on the allegations in the complaint. For purposes of evaluating NCL's motion to dismiss, the Court accepts Rafie's factual allegations as true and construes the allegations in the light most favorable to her per Federal Rule of Civil Procedure 12(b)(6).

### 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 3. Discussion

Rafie's complaint asserts a single count of negligence against NCL. (Compl. ¶¶ 26–42, ECF No. 1.) NCL moves to dismiss Rafie's complaint, arguing, among other things, that Rafie fails to state a claim upon which relief can be granted because she does not provide any facts to support how NCL was on notice of the allegedly dangerous condition that caused her fall. (Mot. 1, ECF No. 8.)[3] The Court agrees with NCL.

As an initial matter, the Court notes that it can, and does, grant NCL's motion to dismiss based on Rafie's failure to respond to the motion at all. *See* Local Rule 7.1(c) ("[E]ach party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default."); *see also, e.g.*, *Reyes v. Scottsdale Ins. Co.*, Civil Action No. 20-21437-Civ-Scola, 2020 U.S. Dist. LEXIS 71616, at *2 n.1 (S.D. Fla. Apr. 23, 2020) (Scola, J.) ("The Plaintiffs' failure to respond to the complaint constitutes an independent basis to dismiss the complaint."); *Bradshaw v. Integon Nat'l Ins. Co.*, No. 19-24806-CIV, 2019 U.S. Dist. LEXIS 212350, at *1 n.1, 2019 WL 6716364, at *1 (S.D. Fla. Dec. 10, 2019) (Scola, J.) ("Bradshaw's failure to respond to the complaint constitutes an independent basis to dismiss the complaint."). On this point, it is important to also note that Rafie continues to be represented by counsel. Nonetheless, for reasons of judicial efficiency, the Court

---

[3] Because the Court agrees that Rafie fails to adequately plead NCL's notice of the allegedly dangerous condition, it need not address the latter's alternative argument that the complaint should be dismissed as a shotgun pleading.

will also briefly address NCL's argument that Rafie's negligence claim must be dismissed due to her failure to sufficiently allege notice.

To prevail on a maritime tort claim, a plaintiff must establish that "[1] the defendant had a duty of care, [2] the defendant breached that duty, [3] the breach was the actual and proximate cause of the plaintiff's injury, and [4] the plaintiff suffered harm." *See Malley v. Royal Caribbean Cruises Ltd.*, 713 F. App'x 905, 907 (11th Cir. 2017) (*citing Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1280 (11th Cir. 2015)). Regarding the second element, cruise operators owe passengers a duty of "ordinary reasonable care under the circumstances." *See Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1168 (11th Cir. 2021) (quoting *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)). "[A]s a prerequisite to imposing liability," a plaintiff must allege that the cruise ship "had actual or constructive notice of the risk-creating condition[.]" *Id.*

Actual notice hinges on whether the defendant knew of the danger. *See Keefe*, 867 F.2d at 1322. To show constructive notice, a plaintiff must allege either that (1) "a defective condition existed for a sufficient period of time to invite corrective measures" or (2) there is evidence of "substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident." *See Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1178-79 (11th Cir. 2020) (quoting *Monteleone v. Bahama Cruise Line, Inc.*, 838 F.2d 63, 65 (2d Cir. 1988)). In all, liability "hinges on whether [the defendant] knew or should have known about the" risk-creating condition. *See Keefe*, 867 F.2d at 1322.

Here, the Court agrees with NCL that Rafie fails to adequately state a claim for negligence because the complaint contains only "fact-free, wholly conclusory, boilerplate allegations" that NCL knew or should have known about the purportedly dangerous condition of the stairs outside the *Spirit's* Stardust Theater when the ship navigates through rough weather. *See Doe v. NCL (Bahamas) Ltd.*, No. 16-cv-23733, 2016 WL 6330587, at *3 (S.D. Fla. Oct. 27, 2016) (Ungaro, J.); *see also* Fed. R. Civ. P. 8. As this Court has stated, where a plaintiff's pleading could be "interchangeably alleged against *any* cruise line defendant" the plaintiff has failed to adequately state a claim. *See Christie v. Royal Caribbean Cruises, Ltd.*, No. 20-22439-Civ, 2020 WL 6158815, at *6 (S.D. Fla. Oct. 21, 2020) (Scola, J.).

The Complaint provides absolutely no facts supporting Rafie's position that NCL knew or should have known of the stairs' dangerous condition. To the contrary, the complaint's *only* allegations on this point are that the dangerous condition "was known by [NCL] and [] in the exercise of reasonable care should have been known by [NCL]" and that "[a]t all material times, [NCL] created and/or knew or should have known of the above-described conditions through

the exercise of reasonable care." (Compl. ¶¶ 28(e.), 28(g.), 38, ECF No. 1.) Such threadbare allegations fail to satisfy federal pleading standards. Indeed, other than mentioning that the *Spirit* was navigating through rough seas on the day of her fall down the stairs, Rafie fails to even concretely describe the dangerous condition that NCL should have known about.

In sum, the Court concludes that Rafie fails to allege NCL was on actual or constructive notice of the allegedly dangerous condition of the stairs outside the *Spirit's* Stardust Theater when the ship navigates through rough seas or adverse weather.

### 4. Conclusion

For the reasons stated above, the Court **grants** NCL's motion to dismiss the complaint (**Mot., ECF No. 8**), dismissing Rafie's case **with prejudice**.

Additionally, the Court dismisses Rafie's complaint **without leave to amend**. Rafie has not requested leave to amend; nor has she indicated any inclination to do so. *See Wagner v. Daewoo Heavy Industries Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."); *Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 683 (11th Cir. 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend."); *compare with Carter v. HSBC Mortg. Services, Inc.*, 622 F. App'x 783, 786 (11th Cir. 2015) ("A pro se plaintiff, however, *must* be given at least one chance to amend the complaint before the district court dismisses the action with prejudice, at least where a more carefully drafted complaint might state a claim.") (cleaned up) (emphasis in original).

Finally, the Clerk is directed to **close** this case.

**Done and ordered** at Miami, Florida on January 9, 2024.

_____
Robert N. Scola, Jr.
United States District Judge