United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Carole S. Rafie, Plaintiff, <br><br> v. <br><br> NCL (Bahamas) Ltd., a Bermuda company d/b/a Norwegian Cruise Lines, Inc., Defendant. | Civil Action No. 23-23972-Civ-Scola <br> **In Admiralty** |

### Order Denying Plaintiff's Motion for Relief from Order and Judgment

The Plaintiff has asked the Court to reconsider its previous ruling granting the Defendant's motion to dismiss. (ECF No. 12.) In November 2023, the Defendant—NCL (Bahamas) Ltd., a Bermuda company d/b/a Norwegian Cruise Lines, Inc. ("NCL")—filed a motion to dismiss for failure to state a claim. (ECF No. 8.) The Plaintiff never responded, and the Court granted the motion (ECF No. 10) and entered final judgment in favor of NCL. (ECF No. 11.) The Plaintiff now seeks relief from the Court's order and judgment. Plaintiff's counsel asserts that the lack of response to the motion to dismiss stems from a failed attempt to update his email address. (ECF No. 12.) Federal Rule of Civil Procedure 60(b) provides:

> [A] court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

As the Defendant's response to the motion points out, the Court has previously considered this issue. (ECF No. 13.) In *Reyes v. Scottsdale Ins. Co.*, 2020 U.S. Dist. LEXIS 104954, at *2 (S.D. Fla. June 12, 2020), the Court denied the plaintiff's motion for relief from final judgment. There, the plaintiff sought relief based on counsel's failure to list an updated email address in the CM/ECF system. *Id.* at *1. Additionally, the

plaintiff failed to cite to case law to support the motion. *Id.* at *2. The Court denied relief because the Court "analyzed the merits of the Defendants' motion to dismiss and determined that they failed to state a claim." *Id.* The Court held that "counsel's oversight in failing to respond to a motion does not constitute excusable neglect." *Id.* (citing *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Systems, Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986)). Moreover, the Court held that Local Rule 11.1(d) requires attorneys to maintain current contact information with the Clerk, but that "failure to comply shall not constitute grounds for relief from deadlines imposed by Rule or by the Court." *Id.*

In the case at issue, the Plaintiff seeks relief based on counsel's failure to update his email address. (ECF No. 12). Here too, the Plaintiff has not cited case law in support of the motion. (*Id.*) And here too, the Court has analyzed the merits of the motion to dismiss and determined that the Plaintiff failed to state a claim. (*See* ECF No. 10.) Accordingly, the Plaintiff is not entitled to relief, and the motion is **denied**. (**ECF No. 12.**)

**Done and ordered** at Miami, Florida, on April 4, 2024.

_____
Robert N. Scola, Jr.
United States District Judge